### UNITED STATES v. CHUNG FUNG SUN et al.

(District Court, N. D. New York. October 3, 1894.)

CHINAMEN—DEPORTATION.

Act U. S. May 5, 1892, as amended November 3, 1893, provides that a Chinaman must establish by affirmative proof to the satisfaction of the

commissioner his lawful right to remain in the United States. *Held*, that the finding of a commissioner that a Chinaman is not lawfully in the United States will not be disturbed on appeal, unless clearly against the weight of evidence.

A judgment was rendered by a United States commissioner for the deportation of Chung Fung Sun and Chin Kong Pock to the empire of China, and they appeal. Affirmed.

W. W. Cantwell, for appellants.

W. A. Poucher, U. S. Atty., for respondent.

COXE, District Judge. Under the rigorous provisions of the act of May 5, 1892, as amended November 3, 1893, the burden was on the appellants to establish "by affirmative proof to the satisfaction of the commissioner," their "lawful right to remain in the United States." (27 Stat. 25, § 3 Laws 1893, c. 14, p. 7). The term "merchant" is defined to mean "a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant." Laws 1893, c. 14, p. 8, § 2.

The contention in the case of Chung Fung Sun is that he was born in California twenty years ago; that his father when he was five or six years old returned to China with his wife and child, remained there a year and a half and then came back to this country leaving his wife and the appellant in China where his wife has lived ever since and where the appellant lived until the present year. This is sworn to by the alleged father, but the inherent improbability of the story must be apparent to all. On the other hand there is presumptive evidence that the appellant, and five other Chinamen, came here from Canada, having been smuggled at night across the border at an unfrequented spot near Plattsburgh, N. Y. There is also proof of the appellant's admissions that he never had been in the United States before and that the theory of his having a father in this country was an afterthought invented to fit the exigencies of the situation. To state the matter as strongly as possible for the appellant the case presented a doubtful question of fact, which was clearly within the province of the commissioner to determine. His finding upon disputed testimony should not be disturbed on appeal.

In the case of Chin Kong Pock an effort was made to prove that he was a returning merchant. Two witnesses, of Russian extraction, testify to having seen the appellant prior to the summer of 1893, selling soap, washboards, etc., at No. 13 Pell street, New York City. This is supplemented by the testimony of a Chinaman to the effect that appellant is a member of the firm of Qwong Mow Wo Company and has been for five years. It further appears that fifteen persons are interested in the business at 13 Pell street, the stock being worth about $10,000. Two criticisms are made of this testimony. First, that it is insufficient in law, and, second, that it is untrue in fact. There is evidence of the appellant's admissions

that he was a farmer in China, that he had never been here before and that he was smuggled across the Canadian border from Montreal. In view of this testimony and the circumstantial evidence tending to substantiate it the commissioner saw fit to reject the theory that the appellant was a Chinese merchant. He did not believe the appellant's testimony. It was a question of fact and the finding of the commissioner was not so clearly against the weight of evidence as to justify the court in disturbing it on appeal. There is, to say the least, doubt whether the testimony on behalf of the appellant, if true, brings him within the statutory definition of "merchant." Did he buy and sell merchandise? Was the business conducted in his name? It is unnecessary to answer these questions, but the mere statement of them suggests the defect in the appellant's proof. The judgments must be affirmed.